## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE:** | : | |
| | : | **CIVIL ACTION NO. 21-CV-1009** |
| **JOHN J. BUCKSHAW** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::

| | | |
|---|---|---|
| **JOHN J. BUCKSHAW,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 21-CV-1010** |
| | : | |
| **COMMONWEALTH OF VIRGINIA,** | : | |
| **Defendant.** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::

| | | |
|---|---|---|
| **JOHN J. BUCKSHAW,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 21-CV-1011** |
| | : | |
| **COMMONWEALTH OF VIRGINIA,** | : | |
| **Defendant.** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::

| | | |
|---|---|---|
| **JOHN J. BUCKSHAW,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 21-CV-1012** |
| | : | |
| **COMMONWEALTH OF VIRGINIA,** | : | |
| **Defendant.** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::

| | | |
|---|---|---|
| **JOHN J. BUCKSHAW,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 21-CV-1013** |
| | : | |
| **COMMONWEALTH OF VIRGINIA,** | : | |
| **Defendant.** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::

JOHN J. BUCKSHAW,             :
    Plaintiff,             :
                           :
    v.                  :        **CIVIL ACTION NO. 21-CV-1014**
                           :

**COMMONWEALTH OF VIRGINIA,**  :
    **Defendant.**           :

::::::::::::::::::::::::::::::::::::::::::::::::::

**JOHN J. BUCKSHAW,**         :
    **Plaintiff,**           :
                           :
    **v.**                :        **CIVIL ACTION NO. 21-CV-1015**
                           :

**SECURITY PUBLIC STORAGE,** *et al.,*  :
    **Defendants.**         :

::::::::::::::::::::::::::::::::::::::::::::::::::

**JOHN J. BUCKSHAW,**         :
    **Plaintiff,**           :
                           :
    **v.**                :        **CIVIL ACTION NO. 21-CV-1016**
                           :

**COMMONWEALTH OF VIRGINIA,**  :
    **Defendant.**           :

::::::::::::::::::::::::::::::::::::::::::::::::::

**JOHN J. BUCKSHAW,**         :
    **Plaintiff,**           :
                           :
    **v.**                :        **CIVIL ACTION NO. 21-CV-1017**
                           :

**COMMONWEALTH OF VIRGINIA,**  :
    **Defendant.**           :

::::::::::::::::::::::::::::::::::::::::::::::::::

**IN RE:**                     :
                           :        **CIVIL ACTION NO. 21-CV-1018**
           **JOHN J. BUCKSHAW**  :

::::::::::::::::::::::::::::::::::::::::::::::::::

<u>**MEMORANDUM**</u>

**SLOMSKY, J.**                                           **APRIL 7, 2021**

In this Memorandum, the Court explains why it will enjoin John J. Buckshaw from filing any further papers in non-*habeas corpus* cases in this Court (1) that are captioned with the names of other courts, (2) that are not hand signed in compliance with Federal Rule of Civil Procedure 11, and (3) for case-initiating documents, for which he has failed to pay the required fees or moved to proceed *in forma pauperis*.

## I.   BUCKSHAW'S LITIGATION HISTORY

The Court previously set forth the history of Buckshaw's litigation activity, (*see* Civ. A. No. 21-1009, ECF No. 3)[1] and will repeat that history here in support of the injunction. Including the tranche of ten cases covered by this Order, since December 2020 Buckshaw has filed forty-five (45) pleadings in this Court without paying the filing fees for opening a new case or seeking leave to proceed *in forma pauperis*. All of those papers bore the captions of other courts. Buckshaw failed to comply with a single order in any of his prior thirty-five cases, and every case filed before this current tranche has been dismissed for failure to prosecute when the time to comply expired.[2] *See In re: Buckshaw*, Civ. A. No. 20-5715; *Buckshaw v. McDonald's Hamburgers*, Civ. A. No. 20-5947; *Buckshaw v. Md. Nat'l Cap. Park and Plan. Comm's*, Civ. A. No. 20-5948; *Buckshaw v. States Attorneys*, Civ. A. No. 20-5949; *In re: Buckshaw*, Civ. A. No. 20-5950; *In re: Buckshaw*, Civ. A. No. 20-5951; *In re: Buckshaw*, Civ. A. No. 20-5952; *Buckshaw v. Security Public Storage*, Civ. A. No. 20-5953; *Buckshaw v. General District Court*, Civ. A. No. 20-5954; *In re: Buckshaw*, Civ. A. 20-5955; *J.J. Buckshaw & Assoc. v. Security*

---

[1] The Order setting forth Buckshaw litigation history and directing him to show cause why an injunction should not be entered was docketed in each of the above captioned cases. Buckshaw's subsequent filings were also entered in each case. For ease of citation, all references will be to docket entries in Civ. A. No. 21-1009 unless otherwise specified.

[2] The attached Order will dismiss these ten cases for failure to prosecute since Buckshaw failed to comply with prior Orders in these ten cases as well.

*Pub. Storage*, Civ. A. No. 20-5956; *In re: Buckshaw*, Civ. A. No. 20-5957; *In re: Buckshaw*, Civ. A. No. 20-5958; *In re: Buckshaw*, Civ. A. No. 20-5959; *Buckshaw v. McDonald's Hamburgers*, Civ. A. No. 20-5960; *Buckshaw v. Md. Nat'l Cap. Park*, Civ. A. No. 20-5961; *Buckshaw v. United States Dep't of Transp.*, Civ. A. No. 20-5962; *In re: Buckshaw*, Civ. A. No. 20-5963; *In re: Buckshaw*, Civ. A. No. 20-5964; *Buckshaw v. State of N.J.*, Civ. A. No. 20-5965; *Buckshaw v. State of N.J.*, Civ. A. No. 20-5966; *Buckshaw v. Sheriff*, Civ. A. No. 20-5967; *Buckshaw v. Fairfax Cty. Sheriff*, Civ. A. No. 20-6026; *Buckshaw v. Altman*, Civ. A. No. 20-6440; *Buckshaw v. Melvin High*, Civ. A. No. 20-6441; *Buckshaw v. Clearwater Police*, Civ. A. No. 20-6442; *Buckshaw v. Clearwater Police*, Civ. A. No. 20-6462; *Buckshaw v. State of Md.*, Civ. A. No. 20-6463; *Buckshaw v. Rosenburger*, Civ. A. No. 20-6464; *Buckshaw v. McDonald's Hamburgers*, Civ. A. No. 20-6465; *Buckshaw v. Security Pub. Storage*, Civ. A. No. 20-6467; *Buckshaw v. New York City Crim. Ct.*, Civ. A. No. 20-6477; *Buckshaw v. LA Fitness*, Civ. A. No. 20-6493; *Buckshaw v. United States*, Civ. A. No. 20-6494; *Buckshaw v. Melvin High*, Civ. A. No. 20-6495. Buckshaw also failed to comply with the Order entered in the current tranche of ten cases directing him to sign his pleading and either pay the filing fee or move to proceed *in forma pauperis*. He has however, during the 30-day compliance period for these cases, filed two additional cases. *See In re Buckshaw*, Civ. A. No. 21-1256; *Buckshaw v. LA Fitness*, Civ. A. No. 21-1439.

## II.    DISCUSSION

A district court may enjoin "abusive, groundless and vexatious conduct" pursuant to 28 U.S.C. § 1651(a), the All Writs Act. *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993). This "broad scope of . . . power . . . is limited by two fundamental tenets of our legal system-the litigant's due process and access to the courts." *Id.* "There are three requirements that must be

met before a court may issue such an injunction: '(1) the litigant must be continually abusing the judicial process; (2) the litigant must be given notice of the potential injunction and an opportunity to oppose the court's order; and (3) the injunction must be narrowly tailored to fit the specific circumstances of the case.'" *Holman v. Hooten*, No. 11-78, 2015 WL 3798473, at *7 (E.D. Pa. June 17, 2015) (quoting *Grossberger v. Ruane*, 535 F. App'x 84, 86 (3d Cir. 2013)); *see also Abdul-Akbar v. Watson*, 901 F.2d 329, 332 (3d Cir. 1990) (noting that a pre-filing injunction is "an extreme remedy that must be narrowly tailored and sparingly used").  While "*pro se* litigants are not entitled to special treatment," *Brown v. City of Phila.*, Nos. 05-4160, 06-2496, 06-5408, 08-3369, 2009 WL 1011966, at *15 (E.D. Pa. Apr. 14, 2009), the use of a pre-filing injunction against a *pro se* litigant "must be approached with caution." *Grossberger*, 535 F. App'x at 86 (citing *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982)).

Here, Buckshaw has shown a pattern of emailing papers to the Clerk of Court at the email address established for unrepresented litigants to permit those litigants a means of filing other than through mail or in person.  This email address was established as an accommodation to the disruptions caused by the novel coronavirus pandemic.  No paper Buckshaw has emailed to the Clerk of Court using that address is captioned with the name of the United States District Court for the Eastern District of Pennsylvania.  Rather, every paper contains a caption with the name of some other court and relates events over which this Court lacks subject matter jurisdiction, or for which venue is incorrect, or both.

Buckshaw appears to have included this Court's email address in a string of email addresses to which he sends documents.  Pursuant to Federal Rule of Civil Procedure 5, the Clerk may not refuse to file a paper solely because it is not in the form prescribed by the Federal Rules.  Consequently, while it might take Buckshaw a single keystroke to email his documents to

whomever he may choose, when he emails documents to a federal court his actions have serious financial, staffing, and resource allocation implications for the Court. For these reasons, Buckshaw was ordered to show cause why he should not be enjoined from filing any further papers that are unsigned and not captioned for this Court and, when those documents are initial pleadings that the Clerk of Court would otherwise be obligated to docket as a new case, that are unaccompanied by either the applicable fees or a motion for leave to proceed *in forma pauperis*.

Since the entry of the show case Order, Buckshaw has filed three unsigned documents that, while non-compliant with Rule 11, the Court will deem responsive to the show cause Order. In a document emailed to the Clerk of Court on March 8, 2021, Buckshaw stated:

> You can not file a case without a civil cover sheet there are no civil cover sheets with these cases. A civil cover sheet would show that the cases are related to the case filed at 02-2567 and 15 USCA Section 1-7 Monopolizing trade a felony done by deprivation of civil rights and unfair claims settlement practices committed by Richard Hohn, Aggressive Defendant Defense Counsel for Amtrak Police.

(ECF No. 4.) In a document emailed to the Clerk on March 26, 2021, Buckshaw stated:

> The case was not filed the workers in the courthouse are harassing the litigant in other cases and putting things on the docket that were not filed as new cases and are actually related to the case at 02-2567 and should be placed in a miscellaneous file.

(ECF No. 5.) In a document emailed to the Clerk on March 30, 2021, Buckshaw stated:

> No case was filed. Never seen any orders all cases which were sent to this court are related and continuing from aggressive defendant counsel at 02-2567 undocket and put in misc docket no. 2-2567m.

(ECF No. 6.)

To the extent Buckshaw asserts that he should not be enjoined because he did not send a civil cover sheet with his submissions, that assertion is irrelevant. The obligation of the Clerk under Rule 5 to docket papers received by the Court is not limited to situations where a litigant has submitted a civil cover sheet; it is triggered by the filing of any paper with the Clerk of

Court.  Furthermore, the requirement to file a civil cover sheet is not applicable to "persons filing civil cases pro se."  E.D. Pa. Local Rule 40.1(c) note 3.  Asserting that a civil cover sheet "would" show his submissions are related to Civil Action 02-2567 is also irrelevant since, by his own assertion, Buckshaw never filed a cover sheet to indicate that intention.  Indeed, even after the Court responded to his first tranche of submissions, indicated that the Clerk was required to open new civil actions, and directed Buckshaw to clarify whether he intended to file civil actions in this Court, *see e.g., Buckshaw v. Md. Nat'l Cap. Park and Plan. Comm's*, Civ. A. No. 20-5948 (ECF No. 3, Order of December 4, 2020), Buckshaw failed to comply with that directive, never – with one caveat noted later – sought to clarify his intentions, and the use of additional judicial resources was required when the cases were eventually dismissed for failure to prosecute due to his non-compliance.  He nonetheless continued to submit papers without this or any other explanation.

To the extent Buckshaw asserts he should not be enjoined because "the workers in the courthouse are harassing the litigant in other cases and putting things on the docket that were not filed as new cases," the allegation is unsupported and summarily rejected.  The Court, the Clerk of Court, and Court personnel were not "harassing" Buckshaw.  Under the Federal Rules of Civil Procedure, the Clerk was required to open new civil actions to file Buckshaw's papers because his submissions could not be interpreted in any other manner.  Again, after being placed on notice that his submissions had to be treated as new civil actions, Buckshaw did not clarify his intentions and continued to file papers that the Clerk was required to treat as case-opening documents.

The explanation contained in Buckshaw's third response is difficult to understand.  While he asserts "No case was filed," he clearly had notice that the Clerk was required to file his

submissions as new cases and, again, never attempted to clarify his intention.  His assertion that

he "Never seen any orders" is also not good cause to prevent the issuance of an injunction since

each of the Court's orders were emailed to the email address Buckshaw provided, and the fact

that he has responded to the show cause order belies his assertion that he never saw the other

Orders issued by the Court and sent to the same email address.

    Buckshaw's claim that "all cases which were sent to this court are related and continuing

from aggressive defendant counsel at 02-2567 undocket and put in misc docket no. 2-2567m" is

also not good cause to prevent the issuance of an injunction.[3]  If Buckshaw had intended to file

---

[3] Buckshaw's reference to "02-2567" appears to be a citation to a case he filed in this Court on April 29, 2002 styled *Buckshaw v. Amtrac*, Civ. A. No. 02-2567.  In that case he named as Defendants "Amtrac," the Philadelphia Municipal Court, the Hospital of the University of Pennsylvania, and the Pennsylvania Convention Center.  That case was dismissed with prejudice by Judge Louis Pollack on February 13, 2003 and Buckshaw's appeal of that dismissal was dismissed by the United States Court of Appeals for the Third Circuit on December 29, 2003 because Buckshaw failed to pay the filing fee.  No entries appear on that docket between the date of the dismissal of the appeal and March 3, 2021.

On that date, Buckshaw filed four Notices.  The Notices are each an unsigned email with no text in its body.  The subject lines of two of the emails read:

> Mistake this case is captioned EDVA not EDPA it goes in the miscellaneous docket number 02-2567 John J. Buckshaw vs Amtrak- Activity in Case 2:21-cv-01015-JHS BUCKSHAW v. SECURITY PUBLIC STORAGE et al Notice re: Pro Se Guidelines

(ECF No. 21, 22.)  The subject lines of the other two emails read:

> Mistake this case is captioned EDVA not EDPA it goes in the miscellaneous docket number 02-2567 John J. Buckshaw vs Amtrak- Activity in Case 2:21-cv-01016-JHS BUCKSHAW v. COMMONWEALTH OF VIRGINIA Complaint

(ECF No. 23, 24.)  Beyond the fact that there is no such thing as a "miscellaneous docket" in Civil Action 02-2567 (or any other civil action for that matter), to the extent these unsigned, non-Rule 11 compliant papers may be an attempt by Buckshaw to clarify whether he intended to file papers in that case rather than new civil actions in this Court, these emails were not the appropriate way to do that.

Buckshaw was given clear instruction in Orders filed on December 4, 2020 in Civil Action Numbers 20-5948 – 20-5967 that he was required to advise the Court by filing in **those**

pleadings in that case, he could have noted that docket number on his submissions.[4]  That he

failed to do so after receiving Orders indicating his papers were being opened as new civil

actions and continued to file papers without that docket number reference indicates he did not

take seriously the impact of his litigation activity on scarce judicial resources.

## III.    CONCLUSION

Finding that no good cause has been shown and the foregoing reasons, the Court enjoins

John J. Buckshaw from filing any further papers in this Court (1) that are captioned with the

names of other courts, (2) that are not hand signed in compliance with Federal Rule of Civil

Procedure 11, and (3) for case-initiating documents, for which he has failed to pay the required

fees or moved to proceed *in forma pauperis*.  This injunction is appropriate since Buckshaw

continually abused the judicial process, has been afforded notice of the potential injunction, and

been afforded an opportunity to oppose the Court's Order.  The injunction is narrowly tailored to

fit the specific circumstances of these cases since Buckshaw is not prevented from filing hand

signed papers captioned for this Court in cases actually pending in the United States District

Court for the Eastern District of Pennsylvania and, if he wishes to file a new civil action, from

doing so by submitting hand signed papers captioned for this Court and by paying the filing fee

---

cases a Notice of Dismissal Pursuant to Federal Rule of Civil Procedure 41(a) if he did not
intend to file new civil cases.  (*See e.g.*, Civ. A. No. 20-5948, ECF No. 3.)  He was given the
same instruction in Orders filed in this tranche of cases on March 5, 2021.  (*See e.g.*, Civ. A. No.
21-1009, ECF No. 3.)  He has never complied with those Orders.

[4] If indeed it was his intention to file papers in a case marked as closed in 2003, it
remains unclear why Buckshaw sent his papers to this Court when none of them are captioned
for that case and none appear to have any relevance to the issues in that long ago closed case.  It
also remains that no paper he submitted complied with Rule 11.  Should Buckshaw continue to
submit irrelevant or non-compliant papers for filing in that case, the Court will consider further
action to enjoin that behavior as well.

or moving to proceed *in forma pauperis*.  An Order follows.

**BY THE COURT:**

/s/Joel H. Slomsky, J.

**JOEL H. SLOMSKY, J.**